UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM A. REGAN,<br><br>               Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>               Defendant. | Case No.  C04-5360FDB<br><br>REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE<br><br>Noted for March 3, 2006 |

       This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B).  This matter comes before the court upon plaintiff's failure to provide proof of service of his complaint and summons and plaintiff's request to dismiss his complaint (Doc. 35).  After reviewing plaintiff's motion, the undersigned recommends that the court GRANT the motion and dismiss this matter without prejudice pursuant to Rule 41(a).

       Under Rule 41, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party.  Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment.  <u>Roddy v. Dendy</u>, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992).

       Mr. Regan is requesting dismissal based on the understanding that his application for in forma pauperis was denied and he is responsible for properly prosecuting his claims, including the responsibility of serving his complaint and summons on each named defendant.  Having not received any response to Plaintiff's Amended Complaint, filed on or about May 4, 2005, the court issued an order to show cause why a proof of service was

REPORT AND RECOMMENDATION
Page - 1

not on record. In response to the court's order, Mr. Regan states he has not served the Complaint or Amended Complaint, and he asks that "this case be dismissed at this time."

Accordingly, plaintiff's request should be GRANTED, and this matter should be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 3, 2006**, as noted in the caption.

DATED this Friday, February 10, 2006.

                     */s/ J. Kelley Arnold*
                     J. Kelley Arnold
                     United States Magistrate Judge